Cite as 2025 Ark. App. 182

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-164

| | |
|---|---|
| STEPHEN DALE WEST, JR.<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | Opinion Delivered March 19, 2025<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30CR-23-71]<br><br><br>HONORABLE STEPHEN L. SHIRRON, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT THE SENTENCING ORDER |

## WENDY SCHOLTENS WOOD, Judge

Stephen Dale West, Jr., appeals from a Hot Spring County Circuit Court sentencing order convicting him of possession of a firearm by certain persons and sentencing him to 480 months' imprisonment and a $15,000 fine. On appeal, West contends that the circuit court erred in denying his motion for directed verdict. We affirm.

In an amended criminal information filed on November 27, 2023, the State charged West with possession of firearms by certain persons, criminal attempt to commit third-degree escape, and resisting arrest. The State sought a sentence enhancement, alleging that West

was a habitual offender having been previously convicted of five felonies. A trial took place on November 30.[1]

On March 29, 2023, Deputy Blake Hughes of the Hot Spring County Sheriff's Department was on patrol when he was called to help locate West in order to execute an arrest warrant. A ping of West's phone led law enforcement to an area in the Midway community, which had two homes in a field across from one another. A van that West was allegedly driving was at one of the homes, but West was not there. Deputy Hughes stated that he spoke with Josh Kosher and Travis Lynch outside the other home. Kosher told Deputy Hughes he was the homeowner, gave verbal consent to search the residence, and said that West could be in the back bedroom. Deputy Hughes, along with another deputy, entered the home through the front porch into the living room and kitchen. Deputy Hughes stated that he walked down the hallway at the back of the house and entered the first room on the left, which contained a bare mattress with a pile of clothes. At first glance, Deputy Hughes did not see anyone in the room but then found West underneath the pile of clothes. Deputy Hughes testified that when they placed West in handcuffs, he said, "You may want to check my waistband, dumb ass." They did and found a High Point black .40-caliber handgun in a black holster tucked in his waistband.

On cross-examination, defense counsel asked Deputy Hughes about his testimony on direct concerning West's "comment" to him, which defense counsel phrased as "[h]ey, I've

---

[1]The charges of criminal attempt to commit third-degree escape and resisting arrest were severed for trial and are not at issue in this appeal.

got a gun in -- my waistband." Deputy Hughes admitted that he did not include the comment in his incident report. Deputy Hughes said that his report stated that he "observed a black semi-automatic handgun concealed in the waistband in a holster. . . . The gun and holster [were] removed from Mr. West." When pressed by defense counsel, Deputy Hughes said that his testimony was "inconsistent" with his report. Deputy Hughes stated that he did not notice the gun at first because he was looking at West's hands to see if he had a gun but found it when West was handcuffed and patted down.

Sergeant Chris Medlan of the Hot Spring County Sheriff's Office testified that he was watching the address of the phone pings and communicated with law enforcement but was not physically at the location. He received a report from Deputy Hughes regarding the arrest. Sergeant Medlan testified that when there is an arrest involving new criminal conduct, he reviews the evidence and the report, gathers other necessary documents, and prepares an affidavit alleging probable cause for an arrest warrant to be signed by the judge. The evidence Sergeant Medlan reviewed in this case included the High Point .40-caliber firearm found on West.

The State rested, and West moved for a directed verdict, arguing that the State failed to prove that he was in possession of a firearm because it relied solely on Deputy Hughes's testimony and his report was "inconsistent" with his testimony because he failed to include in his report that West said he had a gun. Noting that there is "a difference between inconsistent and incomplete statements," the circuit court denied the motion, stating that there was sufficient evidence for the jury to make a factual determination.

The defense called two witnesses—Katherine Burns and Jennifer Dreyer. Burns is married to West's brother. She testified that West had been living with her and her husband and that she had never seen West with a firearm. Dreyer, a longtime friend of Burns's, met West when he moved in with Burns about a year ago. Dreyer visited Burns's home daily and saw West. Dreyer was aware of West's felony record but had never seen him with a weapon.

The defense rested and renewed its motion for directed verdict, which the circuit court denied. The jury found West guilty of possession of a firearm by certain persons. This appeal followed.

A motion for directed verdict is a challenge to the sufficiency of the evidence. *Lema v. State*, 2024 Ark. App. 140, at 2, 684 S.W.3d 929, 931. When the sufficiency of the evidence is challenged on appeal, we consider only the evidence that supports the verdict and affirm if substantial evidence supports it. *Id.* at 2, 684 S.W.3d at 931; *Green v. State*, 2013 Ark. 497, at 5, 430 S.W.3d 729, 736. Circumstantial evidence may provide a basis to support a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.* at 5, 430 S.W.3d at 736. Whether the evidence excludes every other hypothesis is left to the jury to decide, and credibility of witnesses is an issue for the jury. *Id.* at 5, 430 S.W.3d at 736.

For his sole argument on appeal, West contends that the circuit court erred in denying his motion for directed verdict because the State relied only on the testimony of the arresting officer who testified at trial that West "confessed" to him that he had a gun, but

the officer failed to include that fact in his incident report. In a case relied on by West, the supreme court stated:

> We have held time and time again that the credibility of witnesses is a matter for the jury's consideration. *See Clemons v. State*, 2010 Ark. 337, 369 S.W.3d 710; *Rounsaville v. State*, 2009 Ark. 479, 346 S.W.3d 289. Furthermore, the trier of fact is free to assess inconsistencies in witness testimony. *See Wyles v. State*, 368 Ark. 646, 249 S.W.3d 782 (2007). As such, we will not pass upon the credibility of a witness and have no right to disregard the testimony of any witness after the jury has given it full credence, unless the testimony is inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ thereon. *See id.*; *Davenport v. State*, 373 Ark. 71, 281 S.W.3d 268 (2008).

*Evans v. State*, 2011 Ark. 33, at 8, 378 S.W.3d 82, 87. West argues that "it is inherently and completely unbelievable" that Deputy Hughes would forget to include a "confession" made by a suspect in his incident report. West adds that it was not only left out of the report but also not relayed to Sergeant Medlan for inclusion in the probable-cause affidavit. West contends that as a result of the omission, his case "presents the rare example of when it is proper" for the appellate court to "intervene and discount" a witness's testimony.

West's argument is meritless. Deputy Hughes testified that he was executing a warrant for West's arrest unrelated to this case. West was found under a pile of clothes in the bedroom of the home. Deputy Hughes testified that they removed the clothes, picked West up, and placed him in handcuffs. When asked whether West made any statements when he was placed in handcuffs, Deputy Hughes stated that West said, "You may want to check my waistband, dumbass." The subsequent pat-down search incident to arrest revealed a High Point black .40-caliber handgun in a black holster that was found tucked in West's

waistband. This is substantial evidence to support West's conviction; therefore, the circuit court did not err in denying his motion for directed verdict.

West argues that Deputy Hughes's failure to include this statement in his report is inconsistent with his testimony and that all of the deputy's testimony should be disregarded. Regardless of whether West's statement was an omission or an inconsistency, the failure to include it in the report does not render Deputy Hughes's testimony so "inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ thereon." *Id.*, 378 S.W.3d at 87. Deputy Hughes was questioned extensively on cross-examination about his failure to include West's statement in the incident report. Variances and discrepancies in the proof go to the weight or credibility of the evidence and are matters for the fact-finder to resolve. *Starling v. State*, 2016 Ark. 20, at 5, 480 S.W.3d 158, 161.

Finally, we note that there is a clerical error in the sentencing order. West was charged as a habitual offender, his prior convictions were introduced, and the jury sentenced him as a habitual offender. However, the box that would indicate West was sentenced as a habitual offender is not marked. The circuit court is free to correct a clerical error to have the judgment speak the truth. *Carter v. State*, 2019 Ark. App. 57, 568 S.W.3d 788. Thus, we affirm West's conviction but remand to the circuit court with instructions to correct the sentencing order.

Affirmed; remanded to correct the sentencing order.

TUCKER and MURPHY, JJ., agree.

*Nicole Gillum, Esquire, PLLC*, by: *Nicole C. Gillum*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.